

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
DAMIAN BROWN,

               Petitioner,

      -v-

UNITED STATES OF AMERICA,

               Respondent.

-------------------------------------x

    11-cv-7797 (JSR) (GWG)
      05-cr-538 (JSR)

       ORDER

JED S. RAKOFF, U.S.D.J.

On April 30, 2018, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") in the above-captioned matter recommending that Damian Brown's motion under Federal Rule of Civil Procedure 60(b) seeking relief from the denial of his petition under 28 U.S.C. § 2255, ECF No. 156, should be denied. Brown filed an objection to the Report, dated May 8, 2018. Accordingly, the Court has considered the underlying motion and Brown's objections de novo.

Having done so, the Court finds itself in agreement with Magistrate Judge Gorenstein that Brown's motion should be denied. Brown objects to the Report's conclusion that the Court properly entered a conviction, but no sentence, on count three of the indictment, a lesser included offense of count two of the indictment. See Report at 2-3, 9. Brown contends that the entry of this conviction violated Rutledge v. United States, 517 U.S. 292 (1996). However, as the Report explained, any request for relief in Brown's Rule 60(b) motion that attacks the underlying conviction may be denied as "beyond the scope of 60(b)." Harris v. United States, 367 F.3d 74, 82 (2d Cir.

1

2004) (explaining that "a Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a 'second or successive habeas petition, in which case it should be transferred to this Court for possible certification, (ii) or the court may simply deny the portion of the motion attacking the underlying conviction as 'beyond the scope of Rule 60(b).'" (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002))).

The Court therefore hereby adopts the Report and Recommendation's reasoning by reference. Accordingly, the Court denies the motion with prejudice. The Clerk of the Court is directed to enter final judgment.

SO ORDERED.

Dated:     New York, NY
           May 22, 2018

JED S. RAKOFF, U.S.D.J.